# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2138
Lower Tribunal No. 2021-CA-003029-O

_____

ZAIN GUNSBY,

Appellant,

v.

EDWIN MACKEY, individually and derivatively on behalf of BLVCK SPADES, LLC,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
John E. Jordan, Judge.

October 14, 2024

MIZE, J.

Appellant Zain Gunsby ("Gunsby") appeals a final judgment (the "Final Judgment") entered against him that, among other things, awarded Appellee Edwin Mackey ("Mackey") damages in the amount of $260,654.00. Gunsby argues that the amount of the damages award was not supported by competent, substantial evidence. We agree and reverse the damages award.[1]

_____

[1] Gunsby also appeals two other aspects of the Final Judgment, both of which we affirm without discussion.

## Background and Procedural History

Mackey and Gunsby formed a Florida limited liability company together called Blvck Spades, LLC (the "LLC"). Mackey owned 51% of the LLC and Gunsby owned 49%. The LLC was in the business of manufacturing and selling playing cards and related merchandise. Eventually, the relationship between Mackey and Gunsby deteriorated due to disagreements over how to run the LLC and market its products. During their dispute, both parties took actions to try and exert control over the business. Mackey alleged that certain actions taken by Gunsby were wrongful. As a result, Mackey filed a complaint against Gunsby, subsequently amended, that included five counts, including a claim for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").[2] After a non-jury trial, the trial court issued the Final Judgment which, among other things, awarded Mackey damages in the amount of $260,654.00 on his FDUPTA claim. Gunsby timely filed this appeal.

## Analysis

We review the trial court's method of calculating damages de novo. *Kinchla v. Ran Investments, LLC*, 6D2023-1385, 2024 WL 4096229, at *2 (Fla. 6th DCA Sept. 6, 2024). If the trial court applied the correct method of calculating damages,

---

[2] Because the trial court awarded damages solely on the FDUTPA claim, the other counts are not material to this opinion.

we review the factual basis for the amount of the damages award for competent, substantial evidence. *Bass Venture Corp. v. Devom, LLC*, 342 So. 3d 821, 824 (Fla. 2d DCA 2022) (quoting *Asset Mgmt. Holdings, LLC v. Assets Recovery Ctr. Invs., LLC*, 238 So. 3d 908, 911 (Fla. 2d DCA 2018)); *see also Devon Med., Inc. v. Ryvmed Med., Inc.*, 60 So. 3d 1125, 1128 (Fla. 4th DCA 2011).

In this case, we are unable to ascertain the method by which the trial court arrived at the damages amount of $260,654.00.  The trial court's Final Judgment did not explain how the damages amount was calculated, nor did it provide any factual findings to support the award.[3]  While some evidence of damages was presented at trial, after studying the record extensively, we have not been able to locate any competent, substantial evidence that could support an award of damages in the amount granted by the trial court.  For these reasons, we must reverse it.

## Conclusion

The damages award in the Final Judgment is reversed, and this case is remanded to the trial court to enter an amended final judgment that makes a damages award based on the evidence presented at the trial.  In the amended final judgment, the trial court should identify the method used to calculate the damages award.

---

[3] The trial court did not make an oral ruling.  While factual findings were not required, they would have been helpful to facilitate appellate review because we can conceive of no method of calculating damages in this case that would have yielded the amount awarded by the trial court.

3

REVERSED and REMANDED with instructions.

NARDELLA and WHITE, JJ., concur.


Kevin Robinson, of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, for Appellant.

No Appearance for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED